**John BARTLETT, Appellee,**

v.

**Herman S. SOLEM, Warden, South Dakota State Penitentiary; and Mark V. Meierhenry, Attorney General, State of South Dakota, Appellants.**

No. 82–1582.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1982.

Decided Oct. 27, 1982.

Tom D. Tobin, Tobin Law Offices, P. C., Winner, S. D., William W. Shakely, Tobin Law Offices, P. C., Washington, D. C., for amici curiae Counties.

Anthony C. Liotta, Acting Asst. Atty. Gen., Edward J. Shawaker, Janet L. Steckel, Attys., Dept. of Justice, Washington, D.C., Mark V. Meierhenry, Atty. Gen., Mark Smith, Asst. Atty. Gen., Pierre, S.D., for appellants.

Richard B. Collins, Native American Rights Fund, Boulder, Colo., Robert C. Riter, Jr., Riter, Mayer, Hofer & Riter, Pierre, S.D., for appellee.

W. Richard West, Jr., Washington, D. C., for amicus curiae Cheyenne River Sioux Tribe.

Reid Peyton Chambers, Washington, D. C., for amicus curiae Standing Rock Sioux Tribe.

Before LAY, Chief Judge, HEANEY, BRIGHT, ROSS, McMILLIAN, ARNOLD and JOHN R. GIBSON, Circuit Judges, En banc.

HEANEY, Circuit Judge, with whom LAY, Chief Judge, and BRIGHT, ROSS and JOHN R. GIBSON, Circuit Judges, join.

The United States District Court for the District of South Dakota granted John Bartlett's petition for a writ of habeas corpus on the ground that the State of South Dakota lacked jurisdiction to try Bartlett because his crime was committed on land that was part of the Cheyenne River Reservation. In so holding, the court relied on this Court's opinion in *United States v. Dupris,* 612 F.2d 319 (8th Cir. 1979), *vacated and remanded,* 446 U.S. 980, 100 S.Ct. 2959, 64 L.Ed.2d 836 (1980), in which we held that the Act of May 29, 1908, 35 Stat. 460, did not diminish the boundaries of the reservation established by the Act of March 2, 1889, 25 Stat. 888. *See* 612 F.2d at 323.

The State of South Dakota on appeal contends that *Dupris* is wrongly decided and asks that the Court en banc reject the

panel opinion in that case. We decline to do so and affirm the decision of the district court for the reasons set forth in *United States v. Dupris, supra; United States v. Long Elk,* 565 F.2d 1032 (8th Cir. 1977), and *United States ex rel. Condon v. Erickson,* 478 F.2d 684 (8th Cir. 1973).

The appellants argue that *United States ex rel. Condon v. Erickson, supra,* was decided before *DeCoteau v. District County Court,* 420 U.S. 425, 95 S.Ct. 1082, 43 L.Ed.2d 300 (1975), and *Rosebud Sioux Tribe v. Kneip,* 430 U.S. 584, 97 S.Ct. 1361, 51 L.Ed.2d 660 (1977), and the review of the 1908 act in *Condon* was not complete. *DeCoteau* and *Rosebud* were thoroughly analyzed by this Court in *United States v. Dupris, supra,* and *United States v. Long Elk, supra.* We conclude that the views expressed by this Court in *Condon, Long Elk* and *Dupris* are consistent with the opinions of the Supreme Court in *DeCoteau* and *Rosebud.*

McMILLIAN, Circuit Judge, dissenting, with whom ARNOLD, Circuit Judge, joins.

I must respectfully dissent. For the reasons discussed in my dissenting opinion in *United States v. Dupris,* 612 F.2d 319, 323 (8th Cir. 1979), *vacated and remanded,* 446 U.S. 980, 100 S.Ct. 2959, 64 L.Ed.2d 836 (1980), I would hold that the 1908 statute diminished the boundaries of the Cheyenne River Reservation. I continue to believe that the analysis in *United States v. Long Elk,* 565 F.2d 1032 (8th Cir. 1977), and *United States ex rel. Condon v. Erickson,* 478 F.2d 684 (8th Cir. 1973), requires modification in light of *Rosebud Sioux Tribe v. Kneip,* 430 U.S. 584, 97 S.Ct. 1361, 51 L.Ed.2d 660 (1977), and *DeCoteau v. District County Court,* 420 U.S. 425, 95 S.Ct. 1082, 43 L.Ed.2d 300 (1974).